**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BETH ANN GREENWOOD,
*et al.*,

      Plaintiffs,

vs.                                        CASE NO. 3:10-cv-1183-J-34TEM

POINT MEADOWS PLACE
CONDOMINIUM ASSOCIATION, INC.,
*et al.*,

      Defendants.
_____

## **O R D E R**

This case is before the Court on Defendant Severn Trent Environmental Services, Inc.'s Motion to Compel More Complete Discovery Responses (Doc. #46, Motion to Compel), which was filed on October 28, 2011. Upon review of the instant motion, the Court finds the sought relief is clearly due to be denied without prejudice, and therefore enters this ruling without awaiting the normal response period.[1]

As a general matter, motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.* The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of

---

[1]*See* Local Rule 1.01(c), wherein the Court may suspend application and enforcement of the local rules in whole or in part in the interests of justice.

the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995).

This case was filed in federal court on December 23, 2010. Defendant reports propounding its First Set of Interrogatories and First Request for Production of Documents to Plaintiffs on September 9, 2011 (*see* Doc. #46 at 1).[2] Plaintiffs were reportedly given an extension until October 14, 2011 to serve discovery responses. Defendant Severn Trent's counsel advises he "wrote a detailed letter to Plaintiffs' counsel on October 21, 2011, outlining various deficiencies in Plaintiffs' responses and requesting supplemental responses," which reportedly were provided, but remain deficient according to Severn Trent's counsel (*see generally*, Doc. #46).

Upon review of the instant motion, the Court finds that Defendant's counsel failed to confer in a *good faith effort to resolve* the issues raised in the motion to compel prior to filing the instant motion. Defendant's counsel reports, "Specifically, prior to filing this motion, the undersigned counsel sent a letter detailing the deficiencies in Plaintiffs' discovery responses, and waited for supplemental discovery answers to be produced. Plaintiffs,

---

[2]The Court has not received the required courtesy copy of the instant motion with the attachments. (*See* Doc. #2, Amended Standing Order, requiring submission of paper courtesy copies of all documents exceeding twenty-five (25) pages in length.) The instant motion, including attachments, is comprised of a total of 218 pages.

however, have not corrected all of the deficiencies." *Id.* at 9. The undersigned does not believe that a single piece of written correspondence outlining purported deficiencies with discovery responses is a sufficient effort to confer in good faith with opposing counsel to resolve a pretrial dispute. Moreover, one way communication does not comport with the Court's interpretation of the moving party's obligation to confer with the opposing counsel. *See Lippy v. Metropolitan Casualty Ins. Co.*, No. 3:10-CV-727-J-34MCR, 2010 WL 4007035, *1 (M.D. Fla. Oct. 13, 2010) (denying the defendant's motion to compel for failure to confer either in person or by phone under Local Rule 3.01(g)); *O'Rear v. Greenwich Ins. Co.*, No. 8:09-cv-1903-T-26TGW, 2010 WL 2869475, *1 (M.D. Fla. Jul. 21, 2010) (directing the parties to confer personally within seven days in a good faith effort to resolve the pending discovery disputes without court intervention). The spirit of Local Rule 3.01(g) requires the parties actually speak to each other in an attempt to resolve the disputed issues. With respect to Local Rule 3.01(g), the Court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). A number of judges in the Middle District of Florida have construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000); *see also, Espinal v. Professional Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM (M.D. Fla. Oct. 29, 2010); *Lippy v. Metropolitan Cas. Ins. Co.*, 2010 WL 40007035 at *1; *Judkins v. Bloomers International, Inc.*, No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, *2 (M.D. Fla. Jun. 21, 2010); *Goodbys Creek, LLC v. Arch Ins. Co.*, No.

3:07-cv-947-J-34HTS, 2008 WL 5263701, *1 (M.D. Fla. Dec. 17, 2008).[3] Many disputes are more easily resolved when the parties actually speak with each other.

Additionally, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith conference before any discovery motion is filed, is strictly enforced. Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith.

Middle District Discovery (2001) at 20. Here, as in other discovery disputes, the Court believes if counsel for Defendant and counsel for Plaintiffs had actually conferred on the telephone or in person before the instant motion was filed, there would have been no need for Court involvement. *See Lippy v. Metropolitan Casualty Ins. Co.*, 2010 WL 4007035 at *2; *O'Rear v. Greenwich Ins. Co.,* 2010 WL 2869475 at *1. Thus, the Court is reluctant to accept the mailing of a letter complaining of the inadequacy of Plaintiffs' responses as sufficient communication in this particular instance. The Court admonishes the parties that either side might have resolved the dispute over the sought discovery by contacting the other via phone or in person. *See also, Digiro v. Pall Aeropower Corp.*, 19 F.Supp.2d 1304, 1306 (M.D. Fla. 1998) (noting that "Plaintiff's Motion Requesting More Time to Respond was denied by the court . . . for failure to comply with Local Rule 3.01(g)."); *DeShiro v. Branch*, 183 F.R.D. 281, 284 (M.D. Fla. 1998) (noting that the court previously denied a motion for order awarding attorneys fees for failure to comply with Local Rule 3.01(g)).

Thus, upon due consideration, the Court finds Defendant Severn Trent Environmental Services, Inc.'s Motion to Compel More Complete Discovery Responses

---

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(Doc. #46) shall be **DENIED without prejudice**. Defendant is directed to confer, as soon as possible, directly with Plaintiffs' counsel in an effort to resolve the outstanding discovery disputes. If necessary, Defendant is given leave to re-file the motion to compel after exhausting attempts to resolve the disputes and certifying the compliance with Local Rule 3.01(g) to the Court. In view of other rapidly approaching deadlines, Defendant should promptly re-file any necessary motion to compel.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of November, 2011.

Copies to:
All Counsel of Record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge